```
              UNITED STATES DISTRICT COURT
              EASTERN DISTRICT OF LOUISIANA

ANNIE G. WELSCH                              CIVIL ACTION

v.                                           NO. 06-8570

HARTFORD FIRE INSURANCE CO.,                 SECTION "F"
HIBERNIA INSURANCE AGENCY, and
ABC INSURANCE COMPANY
```

ORDER AND REASONS

Before the Court is the plaintiffs' Motion to Remand. For the reasons that follow, the motion is DENIED.

Background

This suit concerns a dispute involving flood insurance coverage for Ms. Welsch's house, which was damaged by Hurricane Katrina.

On August 29, 2005, Hurricane Katrina caused flooding and damage to the plaintiff's house in Metairie, Louisiana. The plaintiff's assistants[1], on behalf of plaintiff, notified Hartford Fire Insurance Company, a Write-Your-Own (WYO) Program participant in the United States government's National Flood Insurance Program (NFIP) and Hibernia Insurance Company that the plaintiff's property had been damaged. Hartford informed the plaintiff, through Mr. Roth, that the policy was not in effect and had been cancelled in

---

[1] Since 2003, the plaintiff, 92-years old, has sought the assistance of Dale and Mary Roth. In March 2004, the Roths requested in writing that Hibernia direct all communications regarding Ms. Welsch's insurance matters to their home address in Metairie, Louisiana.

1

April 2005, and that Hartford had notified the plaintiff through the Roths of that cancellation.  The plaintiff charges that Hartford had never notified the Roths that her insurance policy had been cancelled.  Alternatively, she contends that the policy was not effectively cancelled.

Ms. Welsch sued Hartford, Hibernia, and ABC Insurance Company in state court on August 25, 2006, asserting breach of contract and that the flood policy was not effectively cancelled.  She also asserts that the defendants breached their duties of good faith and fair dealing and seeks state law penalties.

Hartford removed the lawsuit to this Court, invoking this Court's original jurisdiction to adjudicate NFIP claims under 42 U.S.C. § 4072 and federal question jurisdiction pursuant to 28 U.S.C. § 1331.

The plaintiff now moves to remand her suit to state court, contending that removal was improper because the NFIP is not implicated because her suit concerns negligence in the procurement of an SFIP as opposed to the handling of her claim.

I.

Although the plaintiffs challenge removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction.  See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988).  In addition, any ambiguities

are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

## II.

The defendants removed this case on the bases of the original jurisdiction of this Court and federal question. See 42 U.S.C. § 4072 ("[T]he claimant, within one year after the date of mailing of notice of disallowance or partial disallowance by the Director, may institute an action against the Director on such claim in the United States district court for the district in which the insured property ... shall have been situated, and original exclusive jurisdiction is hereby conferred upon such court to hear and determine such action without regard to the amount in controversy."); 28 U.S.C. § 1331 (federal district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States").

### A.

"[U]pon removal the removal court should inspect the complaint carefully to determine whether a federal claim is necessarily presented, even if the plaintiff has couched his pleading exclusively in terms of state law. . . . The reviewing court looks to the substance of the complaint, not the labels used in it." In

3

re Carter, 618 F.2d 1093, 1101 (5th Cir. 1980) (internal citations omitted).  While the plaintiff's Motion to Remand insists that this case is about the procurement of an NFIP policy and points only to state law claims of negligence and breach of contract against the defendants, the plaintiff's original petition asserts that her policy is either still in effect or was improperly cancelled by the defendants and should have remained in effect at the time of her loss.  These claims suggest that the plaintiff contests the manner in which Hartford administered the NFIP policy.

Courts have drawn a distinction between an NFIP participant's procurement of policies and the administration of existing policies.  Claims against agents and insurers for negligent acts or misrepresentations in the procurement of WYO policies on behalf of the NFIP may be remanded to state court.  See Wright v. Allstate Ins. Co., 415 F.3d 384, 389 n.3 (5th Cir. 2005); Sullivan v. State Farm & Casualty Co., 2006 WL 2119320 (E.D. La.) (Barbier, J.); Landry v. State Farm Fire & Casualty, 428 F. Supp. 2d 531 (E.D. La. 2006) (Fallon, J.).  However, both NFIP regulations and the same courts and others have recognized the preemptive nature of the NFIP of any claim arising from claims-handling and administration of a WYO flood insurance policy.  See 42 U.S.C. § 4072; 65 Fed. Reg. 60767 (Oct. 12, 2000) ("This policy and all disputes arising from the handling of any claim under the policy are governed exclusively by the flood insurance regulations issued by FEMA, the National

Flood Insurance Act of 1968, as amended (42 U.S.C. § 4001, et.seq.) and Federal common law."); see also Spence v. Omaha Indemnity Ins. Co., 996 F.2d 793, 796 (5th Cir. 1993); Sullivan, 2006 WL 2119320, at *3; Landry, 428 F. Supp. at 534-35; Newman v. Allstate Ins. Co., No. 06-3757, 2006 WL 2632116, at *2 (E.D.La. Sept. 12, 2006) (Feldman, J.); Kiersey v. State Farm Fire and Casualty Co., No. 06-9175, 2007 WL 2265034 (E.D.La. Aug. 2, 2007) (Vance, J.).

This Court has original jurisdiction in this case under 42 U.S.C. § 4072. The plaintiffs' NFIP policy claims do not arise from initial procurement, but rather from the administration of an existing (or cancelled) flood policy; therefore, state law claims are preempted and federal jurisdiction exists. See Newman, 2006 WL 2632116 (E.D. La. Sept. 12, 2006); see also Southpoint Villas Homeowners Assoc. v. Scottish Ins. Agency Inc., 213 F. Supp. 2d 586 (D.S.C. 2002).

B.

This Court has federal question jurisdiction under 28 U.S.C. § 1331. A WYO company such as the defendant, Hartford, has no authority itself to tailor or alter NFIP policies backed by the government. 44 C.F.R. §§ 62.23(c). Nor may it alter the requirements for policy renewal or cancellation. Hartford is a mere agent of the government, and must adhere to the NFIP regulations in the administration of policy claims. Significantly, Ms. Welsch does not allege in her petition that the defendants

5

failed to initially procure insurance for her property or that the defendants misrepresented the terms of her policy or its coverage.[2] Because this case concerns the administration of the plaintiff's NFIP policy, this Court must decide whether or not a federally-backed policy remained in force and effect, whether federal benefits should be paid upon it, and also whether state law-based damages should be awarded for the defendants' conduct.

Other courts have likewise determined that allegations regarding the improper cancellation of a flood insurance policy implicate the handling of an SFIP and therefore give rise to federal question jurisdiction.  See Newman, 2006 WL 2632116 (E.D.La. Sept. 12, 2006); Bourgeois v. Johnson, 2007 WL 433483 (E.D.La. Feb. 7, 2007); Kiersey, 2007 WL 2265034 (E.D.La. Aug. 2, 2007).  This matter falls within this Court's federal jurisdiction. See Wright v. Allstate Ins. Co., 415 F.3d 384, 388-90 (5th Cir. 2005).

Accordingly, the plaintiff's Motion to Remand is DENIED.

New Orleans, Louisiana, August 20, 2007.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[2] The plaintiff insists that policy procurement is at issue, concluding that "[t]his action concerns negligence in the procurement of a SFIP as opposed to the handling of a claim related to flood insurance...."  This conclusion, however, has no support and is, in fact, contradicted by the allegations of the complaint.